**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 09-2968 RB |
| ) | |
| NATHAN ARCHULETA ) | |
| (a/k/a "Enemy"), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came before the Court on Defendant's Motion to Designate Case as Complex (Doc. 155) and Defendant's Motion to Continue Trial and Toll Speedy Trial Computations. (Doc. 156.) Having concluded that Defendant already obtained his requested relief, the Court hereby denies Defendant's motions as moot.

**I.    Background**

An indictment (Doc. 34) in this case first issued on October 8, 2009 charging two counts against five defendants. A superseding indictment (Doc. 98) issued on December 3, 2009 charging four counts against six defendants. Defendant then filed his motions to declare the case complex and to continue the trial on February 10, 2010. (Docs. 155 & 156.) Subsequently, four of the defendants entered guilty pleas, leaving only Defendants Archuleta and Muñoz. On March 10, 2010, the government superseded the indictment a second time (Doc. 168), charging Defendants Archuleta and Muñoz with eight counts. The Court then severed the Defendants' trials in a Memorandum Opinion and Order (Doc. 205) filed June 4, 2010. Following the severance, Defendant's trial was rescheduled for August 9, 2010. (Doc. 209.)

**II.     Analysis**

Under 18 U.S.C. 3161(h)(7)(B)(ii), a trial court may grant a continuance of a trial where "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  At the time Defendant filed his Motion to Designate Case Complex, there were six defendants, and trial was scheduled to begin on April 19, 2010, in less than one month.  Since that time, however, several of the defendants pled, a second superseding indictment issued, the Court severed the trials, and Defendant's trial date was reset for August 9, 2010.

Accordingly, the primary concern addressed by 18 U.S.C. 3161(h)(7)(B)(ii), that a defendant have sufficient time to adequately prepare his case, has been resolved.  In his motion to continue the trial, Defendant requested a continuance of at least ninety days.  This would have resulted in an approximate trial date of July 19, 2010.  As the trial has already been continued past this date, there does not appear to be any reason to further continue the trial.  At a status conference on June 10, 2010 (Doc. 209), the Court inquired whether, in light of the developments in the case, Defendant's motion to declare the case complex could be decided on the existing briefs.  The parties agreed that this issue could be resolved on the existing briefs, and Defendant did not indicate that a continuance beyond the ninety days requested in his motion was necessary.  Consequently, the Court concludes that declaring the case complex at this point and further delaying trial is unnecessary, as Defendant has already obtained his requested relief.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Designate Case as Complex (Doc. 155) and Defendant's Motion to Continue Trial and Toll Speedy Trial Computations (Doc. 156) are **DENIED AS MOOT**.

_____
**ROBERT BRACK**
**U.S. DISTRICT COURT JUDGE**