**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )| |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Cr. No. 09-2968 RB |
| ) | |
| NATHAN ARCHULETA    ) | |
| (a/k/a "Enemy"),    ) | |
| ) | |
| Defendant.    ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came before the Court on Defendant's Motion in Limine to Exclude Co-Conspirator Statements Not Specifically Identified at the *James* Hearing. (Doc. 224.) A *James* hearing was held before this Court on July 7, 2009 to determine the admissibility of Defendant's co-conspirators' statements under Federal Rule of Evidence 801(d)(2)(E). At the hearing, the government introduced nine different co-conspirator statements, in addition to numerous text messages. Defendant argues that any additional statements not specifically identified at the *James* hearing should be excluded. Defendant presents no authority in support of this request.

The government argues that Defendant's request misconstrues the purpose of a *James* hearing. "The purpose of the *James* hearing is to establish the existence, or nonexistence, of the predicates for the admission of a coconspirator's extrajudicial declaration before the declaration is made known to the jury." *United States v. Grassi*, 616 F.2d 1295, 1300 (5th Cir. 1980). By establishing the existence of the conspiracy and the alleged co-conspirators' participation in the conspiracy before trial—instead of provisionally admitting the co-conspirators' statements with the caveat that the government must then prove the conspiracy and the co-conspirators' participation at trial—this eliminates the risk of undue prejudice resulting to the Defendant if the evidence does

not connect up later. *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). While the Tenth Circuit has a "strong preference" for a pre-trial *James* hearing, it is not required. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648–49 (10th Cir. 1998). Consequently, since the failure to introduce a co-conspirator statement at a pre-trial *James* hearing is not an absolute bar to the admission of the co-conspirator statement, Defendant's request that the Court exclude any co-conspirator statements not introduced at the *James* hearing in the case at hand is denied.

Trial is inherently unpredictable, and it is not unusual for a witness to forget certain items, remember other items, or to state things slightly differently. Accordingly, the government should be afforded some leeway to present additional statements not introduced at the *James* hearing. Indeed, in its Response to Defendant's Motion for a James Hearing (Doc. 199 at 1), the government specifically stated that it was providing a "good faith summary of the anticipated statements the United States intends to introduce at trial." Thus, if additional co-conspirator statements come to light, the government should be given an opportunity to present these statements to the Court and request permission to introduce them. For its part, the government has indicated that it "will inform Defendant and the Court if it anticipates seeking admission of co-conspirator statements that are materially different from those discussed at the hearing." (Doc. 241 at 1.)

**WHEREFORE**,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Co-Conspirator Statements Not Specifically Identified at the *James* Hearing (Doc. 224) is **DENIED**.

_____
**HON. ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**