## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 09-2968 RB** |
| | ) | |
| **NATHAN ARCHULETA** | ) | |
| **(a/k/a "Enemy"),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on the United States' Motion in Limine to Exclude Evidence Relating to Prior Bad Acts by a Government Witness Pursuant to Fed. R. Evid. 608. (Doc. 222.)  Having fully considered the parties' filings and the evidence and arguments presented at the hearing, the Court hereby grants in part and denies in part the government's motion.

## I.    PROCEDURAL & FACTUAL BACKGROUND

This case stems from an alleged conspiracy by Defendant Nathan Archuleta and others to smuggle methamphetamine from Mexico into the United States in women's vaginal tracts for distribution in New Mexico, and Mr. Archuleta's subsequent arrest where he fled from police in a high-speed automobile chase.  Defendant was indicted in a Second Superseding Indictment (Doc. 168) on March 10, 2010, which was superseded by a Third Superseding Indictment (Doc. 233) on July 22, 2010, charging Defendant with the following counts:

> <u>Count 1</u>: 21 U.S.C. § 846: Conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, beginning on or about July 2, 2009 and continuing to on or about July 3, 2009.
> <u>Count 2</u>: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with Intent to Distribute

50 Grams and More of Methamphetamine on or about July 2, 2009; 18 U.S.C. § 2: Aiding and Abetting.

<u>Count 4</u>: 21 U.S.C. § 846: Conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, beginning on or about June 1, 2009, and continuing to on or about November 5, 2009.

<u>Count 5</u>: 18 U.S.C. §§ 922(g)(1) and 924(a)(2): Felon in Possession of a Firearm and Ammunition, on or about November 5, 2009.

<u>Count 6</u>: 18 U.S.C. § 924(c)(1)(A)(I): Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, on or about November 5, 2009.

<u>Count 7</u>: 21 U.S.C. § 844(a): Possession of Methamphetamine, on or about November 5, 2009.

At trial, the government plans to introduce the testimony of Charlie[1], one of Defendant's alleged co-conspirators.  Charlie is alleged to have provided his car and cell phone for the attempted smuggling operation and to have been present with Defendants Archuleta and Muñoz at Muñoz' Las Cruces apartment during its planning and execution.  Charlie was arrested on October 15, 2009 and indicted on two counts: (1) conspiracy and (2) possession with intent to distribute 50 grams or more of methamphetamine. (Docs. 34 & 98.)  Charlie pled guilty to the conspiracy charge, and the government agreed to dismiss the possession charge. (Doc. 144.)  Charlie has agreed to testify against Defendant Archuleta.

The government filed this motion to preclude Defendant from attempting to discredit Charlie's testimony during cross-examination by questioning him about prior allegations of assault, tampering with evidence, and witness intimidation.  In 2006, Charlie was charged with and then acquitted of aggravated assault and criminal damage to property.  In 2007, Charlie was charged with aggravated assault with a deadly weapon, tampering with evidence, resisting an officer, and criminal damage to property; the assault and property damage charges were dismissed, and he received eighteen months probation on the tampering with evidence and resisting an officer charges.  In the

---

1. Charlie is a pseudonym used by the government in order to avoid unnecessarily identifying the witness.

summer of 2009, Charlie was charged with aggravated assault, criminal damage to property, and tampering with evidence stemming from a physical altercation he had with a pizza delivery person. This case is still pending, and in the fall of 2009, Charlie allegedly attempted to intimidate a witness against him in the pizza delivery person case by threatening to burn down his house; however, these charges were dismissed.

The government argues that any mention of these alleged events by Defendant on cross-examination would not be appropriate under Federal Rules of Evidence 608 and 609, and therefore, requests that the Court enter an order prohibiting Defendant from doing so.

## III.   ANALYSIS

Under Federal Rule of Evidence 608(b), "a defendant may impeach a Government witness by cross-examining him about specific instances of conduct not resulting in conviction if such conduct is probative of the witness' character for truthfulness or untruthfulness." *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1556 (10th Cir. 1991).  The defendant, however, is limited to inquiring about the specific instance of conduct: if the witness denies the conduct, the defendant must take his answer and move on. *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999); *United States Martinez*, 76 F.3d 1145, 1150 (10th Cir. 1996); *United States v. Cohen*, 631 F.2d 1223, 1226 (5th Cir. 1980).  Whether the particular conduct is probative of truthfulness is a matter within the discretion of the trial judge. *Mason*, 948 F.2d at 1556 ; *United States v. Hurst*, 951 F.2d 1490, 1501 (6th Cir. 1991).  Not all misconduct, however, is necessarily indicative of untruthfulness.  Violent crimes, for example, are not usually indicative of a witness' dishonesty. *United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998);  *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1968).  Additionally, it is not necessary that the misconduct be punishable as a crime for it to be indicative of untruthfulness by the witness—falsifying a credit card or job application or using an alias may

not be criminal, but it is indicative of a person's character for veracity. *See United States v. Ojeda*, 23 F.3d 1473, 1477 (8th Cir. 1994); *United States v. Sperling*, 726 F.2d 69, 75 (2d. Cir. 1984). Finally, the Court must balance the probative value of the cross-examination against its potential for prejudice. *See United States. v. Olivo*, 80 F.3d 1466, 1470 (10th Cir. 1996) ("Rule 608(b) is subject to Rule 403.").

In the case at hand, there are numerous allegations of prior bad acts against Charlie, including assault, tampering with evidence, resisting an officer, criminal damage to property, and witness intimidation.  The assault, resisting an officer, and criminal damage to property have little to do with Defendant's character for truthfulness; however, using force or the threat of force to intimidate a witness or encourage him to commit perjury is probative of that person's character for honesty and truthfulness. *United States v. Manske*, 186 F.3d 770, 775–76 (7th Cir. 1999) ("Threatening to cause physical harm to a person who proposes to testify against you is at least as probative of truthfulness as receiving stolen tires or a stolen railroad ticket."); *United States v. Phillips*, No. 94-5140, 1995 WL 82503 at *3 (4th Cir. Feb. 27, 1995) (unpublished).  Therefore, the Court will permit Defendant to inquire into Defendant's prior bad acts of witness intimidation.  If the Defendant denies any such acts, Defendant must accept this answer and move on.

Under Federal Rule of Evidence 609, evidence of a prior conviction may be used to impeach a witness provided that the conduct constituted a felony "punishable by death or imprisonment in excess of one year" or "establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."  At the pre-trial hearing on August 3, 2010, the government argued that none of the assault charges against Charlie resulted in a conviction, and therefore, they were inadmissible under Rule 609.  Defendant agreed that there had not been any convictions.  Accordingly, Rule 609 does not apply to the case at hand.

4

**IV.     CONCLUSION**

The Court finds that using force or the threat of force to intimidate a witness or encourage him to commit perjury is probative of that person's character for honesty and truthfulness; therefore, the Court will permit Defendant to inquire into Defendant's prior bad acts of witness intimidation on cross-examination.  If the Defendant denies these acts, Defendant must accept his answer and move on.  The Court also finds that none of the alleged prior bad acts had resulted in a conviction; therefore, Rule 609 does not apply to the case at hand.  At the pre-trial motion hearing held August 3, 2010, Defendant agreed that there had been no convictions and stipulated that he would stick to the intimidating a witness allegation.

**WHEREFORE**,

**IT IS HEREBY ORDERED** that the United States' Motion in Limine to Exclude Evidence Relating to Prior Bad Acts by a Government Witness Pursuant to Fed. R. Evid. 608 (Doc. 222) is **GRANTED IN PART** and **DENIED IN PART**.

_____

**HON. ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**