IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                              No. CV 15-0298 RB/LAM
                                                     CR 09-2968 RB

**NATHAN ARCHULETA,**

    **Defendant/Movant.**

### ORDER DENYING MOTION TO DISMISS AND ORDER TO ANSWER

**THIS MATTER** is before the Court on Plaintiff/Respondent's (hereinafter "the Government") *Motion to Dismiss 28 U.S.C. § 2255 Motion (CV Doc. 10*; *CR Doc. 504)*, filed May 29, 2015. Defendant/Movant (hereinafter "Defendant") filed a response to the motion on June 5, 2015. [*CV Doc. 11*; *CR Doc. 505*]. No reply has been filed and the time for doing so has passed. This matter is also before the Court on Defendant's *Petitioner's [sic] Motion for Order (CV Doc. 14*; *CR Doc. 507)*, filed July 23, 2015, asking the Court to direct the Government to answer Defendant's § 2255 Motion. No response to that motion has been filed and the time for doing so has passed. This case was reassigned to the undersigned on June 15, 2015. [*Doc. 12*]. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 15*]. Having considered the Government's motion to dismiss, Defendant's response to the motion to dismiss, Defendant's motion for an order, the record of the case, and relevant law, the Court **FINDS** that the Government's *Motion to Dismiss 28 U.S.C. § 2255 Motion (CV Doc. 10*; *CR Doc. 504)* shall be **DENIED**, Defendant's motion for an order directing an answer [*CV*

*Doc. 14*; *CR Doc. 507*] shall be **GRANTED**, and the Government shall answer Defendant's § 2255 Motion **within fourteen (14) days**.

In its motion to dismiss, the Government alleges that Defendant's § 2255 motion does not comply with applicable rules of procedure; specifically, that the motion is not on an approved form and is not signed under penalty of perjury. [*Doc. 10* at 2]. In response, Defendant contends that: (1) a court has discretion to consider a motion that is not on an approved form; and (2) Defendant's declaration in support of his § 2255 motion is "sufficient to satisfy the requirement that he be held, as a[n] indigent litigant, to account for the words and/or claims in the petition." [*Doc. 11* at 1-2]. Defendant also argues that the Government would not be prejudiced by having to litigate the motion as is. *Id.* at 1-2.

The Court finds that Defendant correctly argues that his motion may be adjudicated even though it is not on an approved form. *See* § 2255 Rule 2(c). The Tenth Circuit has explained that "Rule 83(a)(2) of the Federal Rules of Civil Procedure allows for the enforcement of local rules imposing form requirements unless the failure to comply is 'nonwillful.'" *Durham v. Lappin*, No. 09-1100, 346 Fed. Appx. 330, 333, 2009 WL 3089067 (10th Cir. Sept. 29, 2009) (unpublished) (citation omitted). The Tenth Circuit in *Durham* affirmed dismissal of a complaint, not only for failure to amend his complaint on an approved form, but also because of the complaint's failure to "comply with Rule 8's pleading requirements" (*id.* at 332), and for the plaintiff's willful refusal to comply (*see id.* at 333). Here, although Defendant's initial pleading is not entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence," its first two paragraphs refer to the document as a motion and describe the relief sought. *See* [*Doc. 1* at 1]. In addition, in the "Memorandum of Law" section of the pleading, Defendant asserts five specific instances of allegedly ineffective assistance of counsel. *See id.* at 9-21. Furthermore,

Defendant "state[s] the facts supporting each ground" with sufficient detail.  Section 2255 Rule 2(b)(2).

With regard to the Government's contention that Defendant did not sign his motion under penalty of perjury as required by § 2255 Rule 2(b)(5), the Court notes that Defendant did sign -- under penalty of perjury -- his declaration in support of the § 2255 motion.  *See* [*Doc. 2* at 4].  The declaration was attached to the § 2255 motion and submitted to the Clerk in the same envelope, although it was entered separately on the docket, and it states that Defendant "hereby declare[s] under penalty of perjury that the foregoing <u>and the statements made in the § 2255 motion</u> are true and correct."  *Id.* (emphasis added).  Because the Government does not assert prejudice, and its technical arguments do not support dismissing the § 2255 motion (*cf.* Fed. R. Civ. P. 8(e)), the Court will deny the Government's motion to dismiss.

In his motion for an order, Defendant asks the Court to enter an order directing the Government to answer his § 2255 motion.  *See* [*Doc. 14*].  The Court will grant this motion and, under Fed. R. Civ. P. 12(a)(4)(A), Plaintiff has fourteen days to answer the § 2255 motion.

**IT IS THEREFORE ORDERED** that the Government's *Motion to Dismiss 28 U.S.C. § 2255 Motion (CV Doc. 10*; *CR Doc. 504)* is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *Petitioner's [sic] Motion for Order (CV Doc. 14*; *CR Doc. 507)* is **GRANTED** and the Government shall answer Defendant's § 2255 Motion **within fourteen (14) days of entry of this order**.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**