IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                 No. CV 15-0298 RB/LAM
                                       CR 09-2968 RB

NATHAN ARCHULETA,

      Defendant/Movant.

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition* *(Doc. 26)* (hereinafter "PF&RD"), entered on April 6, 2016. Objections to the PF&RD were due by April 25, 2016. On May 16, 2016, Defendant/Movant (hereinafter "Movant") filed a motion asking for an extension of time to file objections, stating that he was being moved to a different federal facility (*Doc. 27*), and on May 18, 2016, this motion was granted by the Court and the objections deadline was extended to May 31, 2016 (*Doc. 28*). On June 3, 2016, Movant filed a second motion for an extension of time to file objections, stating that he had not received his legal documents from his previous location (*Doc. 29*), and on June 6, 2016, this motion was also granted and the objections deadline was extended to June 16, 2016 (*Doc. 30*). On July 15, 2016, Movant filed objections to the PF&RD. [*Doc. 34*]. The Government did not file objections to the PF&RD, and did not file a response to Movant's objections, and the time for doing so has passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Movant objects and finds that his objections are

without merit. Accordingly, the Court will: (1) overrule Movant's objections as untimely and meritless, and (2) adopt the **Proposed Findings and Recommended Disposition** *(Doc. 26).*

In the PF&RD, the Magistrate Judge recommended dismissing all claims in Movant's § 2255 motion [*Doc. 1*] except for his claim that his trial counsel failed to properly communicate Movant's acceptance of a 15-year plea offer to the prosecution, resulting in the withdrawal of that offer. [*Doc. 26* at 20]. For this remaining claim, the Magistrate Judge found that the Court is unable to determine from the current record whether Movant's first trial counsel, Mario Carreon, timely communicated Movant's acceptance of a plea offer, and concluded that an evidentiary hearing on that single claim is required. *Id.* at 7-12.

The Court first notes that Movant's objections to the PF&RD are untimely -- they were filed well after the twice-extended deadline for objections, and Movant does not provide an explanation in his objections as to why they were filed past the deadline. The Court could overrule Movant's objections on this basis alone. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Nevertheless, the Court notes that Movant stated in his first motion for an extension of time that he was being moved to a different federal facility (*see Doc. 27*), and in his second motion for an extension of time that he had not received his legal documents from his previous location (*see Doc. 29*). Therefore, since Movant was recently moved to a different facility, the Court elects to consider Movant's objections on the merits.

Movant's first objection is that the Magistrate Judge erred in her consideration of his "open plea" claim. [*Doc. 34* at 2]. Movant's "open plea" claim is that Movant's first trial counsel,

Mr. Carreon, failed to inform Movant that he could enter into an open plea to the charges against him, which is a plea without the benefit of a plea agreement with the government. [*Doc. 26* at 12 and n.14]. The Magistrate Judge found that, even if Movant's counsel failed to inform him of this option, failure to do so did not result in prejudice to him, so Movant cannot satisfy the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 13. In making this finding, the Magistrate Judge noted that Movant had previously entered into such a plea in another criminal case, and explained that "[e]ven more significantly, Movant's claim on this issue, as with the claimed plea offer, is not supported by the facts that he maintained his innocence throughout the plea negotiations and rejected every suggested plea." *Id.* Therefore, the Magistrate Judge found that Movant failed to show that any failure to communicate this plea option was prejudicial. *Id.* (citing *Calvert v. Dinwiddie*, 461 Fed. App'x 729, 733 (10th Cir. 2012) (unpublished), in which the Tenth Circuit indicated that "failure to communicate a plea offer would only be prejudicial if the record shows the defendant would have been reasonably likely to accept the plea offer, had he known of it").

In his objections, Movant contends that he was not certain that the plea he entered into in the previous case was an "open plea," and that he did wish to enter a plea in his case. [*Doc. 34* at 2]. The Court finds that, even if Movant was not certain which type of plea he had entered into in a previous case, the record of the case does not show that Movant was reasonably likely to enter into an open plea. For example, as noted by the Magistrate Judge, at a hearing on the parties' joint motion to continue the jury trial, Mr. Carreon stated that he presented at least two informal plea offers to Movant for consideration, both of which Movant rejected. *See* [*Doc. 26* at 12] (citing *Doc. 154* at 4-5). The Magistrate Judge further noted that, when Movant appeared in Court at this hearing, he professed his innocence and stated that he would not lie and testify falsely against his

3

co-defendant just to get a good plea bargain.  *Id.* (citing *Doc. 154* at 17).   The Court finds that it is not reasonably likely that Movant would have entered into an open plea with no agreement from the Government as to his sentence and, therefore, Movant cannot meet the prejudice prong of *Strickland*.   The Court will overrule this objection.

Next, Movant objects to the Magistrate Judge's findings regarding Movant's claim that his second trial counsel, Mr. D'Antonio, was ineffective because he failed to object to Officer Lujan's testimony pursuant to Fed. R. Civ. Evid. 704(b).   [*Doc. 34* at 3].   Rule 704(b) provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.   Those matters are for the trier of fact alone."   In considering this claim in the PF&RD, the Magistrate Judge relied on the Tenth Circuit's finding in Movant' direct appeal of his conviction that, had Officer Lujan's testimony been excluded based on Rule 704(b), the outcome of the trial would still be a conviction because there was ample other evidence of his knowledge besides Officer Lujan's testimony.   *See* [*Doc. 26* at 15] (citing *United States v. Archuleta*, 737 F.3d 1287, 1299-1300 (10th Cir. 2013) (Holloway, J., dissenting)).   Specifically, the Tenth Circuit noted that:

> All three of [Movant's] coconspirators testified to Archuleta's key role in the planning and execution of the conspiracy.  Thus, even in the absence of the challenged response by Lujan to the hypothetical question, there was more than sufficient evidence presented to establish that Archuleta had knowledge, and in fact was key in the organization, of the drug-smuggling scheme. Archuleta has not shown how this testimony affected his substantial rights, and reversal on these grounds is not warranted under plain error review.

737 F.3d at 1299.   Thus, the Magistrate Judge found that, even if Officer Lujan's testimony violated Rule 704(b) and Mr. D'Antonio erred in not objecting to it on that specific basis, Movant cannot show that he was prejudiced by the testimony.   [*Doc. 26* at 16] (citing *Strickland*, 466 U.S.

4

at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.")).

In his objection, Movant contends that he was prejudiced by Officer Lujan's testimony because "there exists a likelihood that Archulte [sic] could convince a jury that he was not present when the plot came about between his erstwhile co-defendants." [*Doc. 34* at 3]. Movant fails to present any specific factual basis for this statement, which is insufficient to support an ineffective assistance of counsel claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). The Court will overrule this objection.

Finally, Movant objects to the Magistrate Judge's findings regarding his remaining claims, stating that they "are not frivilous [sic] claims," and that the Magistrate Judge should not assume that Movant's counsel was only ineffective with regard to one of his claims, without finding that his counsel might have been ineffective as to his other claims. [*Doc. 34* at 4]. First, this objection is a conclusory statement and does not rest on any supporting factual averments, so it is insufficient to support Movant's ineffective assistance of counsel claims. In addition, the Court notes that the Magistrate Judge did <u>not</u> find that Movant's counsel was ineffective with regard to one of Movant's claims. The Magistrate Judge, instead, found that the Court is unable to determine from the current record whether or not Movant's claim that Mr. Carreon failed to communicate Movant's acceptance of a plea offer is without merit, so the Magistrate Judge intends to hold an evidentiary hearing on that single claim. *See* [*Doc. 26* at 10-11]. For these reasons, the Court finds that Movant's objection to his remaining claims are without merit and will be overruled.

**IT IS THEREFORE ORDERED** that Movant's Objections [*Doc. 34*] are **OVERRULED**.

**IT IS THEREFORE ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 26)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant/Movant's § 2255 motion [*Doc. 1*] is **DENIED** as to all claims *except* his claim that his trial counsel failed to properly communicate Defendant/Movant's acceptance of a 15-year plea offer to the prosecution.

**IT IS FURTHER ORDERED** that all of Defendant/Movant's claims in his § 2255 motion [*Doc. 1*], *except* his claim that his trial counsel failed to properly communicate Defendant/Movant's acceptance of a 15-year plea offer to the prosecution, are **DISMISSED with prejudice**.  For the remaining claim, the Magistrate Judge shall appoint counsel for Defendant/Movant, conduct an evidentiary hearing, and recommend a disposition.

**IT IS SO ORDERED.**

_____
**HONORABLE ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**