IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                            No. 2:09-CR-2968 RB

**NATHAN ARCHULETA,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 579.) Defendant requests that the Court reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The Government acknowledges that Defendant is eligible for a sentence reduction, but requests that the Court deny the sentence reduction. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court will deny Defendant's Motion.

**I.    Background**

On August 16, 2010, the jury found Defendant guilty of: (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) possession of methamphetamine, in violation of 21 U.S.C. § 844. (Doc. 289.) The Presentence Investigation Report determined that Defendant's United States Sentencing Guideline range was 360 months to life, based on a total offense level of 39 and a criminal history category of IV. On January 12, 2012, Defendant was sentenced to 360

months imprisonment, to be followed by a five-year term of supervised release. (Doc. 392.)

On December 13, 2016, the United States Probation Office disclosed a memorandum concerning Defendant's eligibility for a reduced sentence under United States Sentencing Guideline Amendment 782. (Doc. 570.) Therein, the United States Probation Office concluded that application of Amendment 782 reduced Defendant's total offense level to 37. (*Id.*) A total offense level of 37 combined with a criminal history category of IV results in a guideline imprisonment range of 292 to 365 months. (*Id.*)

On February 23, 2017, Defendant filed his Motion to Reduce Sentence. (Doc. 579.) The Government filed a response in opposition to the motion. (Doc. 583.) Therein, the Government concedes that Defendant is eligible for a sentence reduction but argues that a reduction is not warranted. (*Id.*)

## II.    Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) permits a district court to reduce a sentence if a defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Thus, a district court has authority to modify a previously imposed sentence if the sentence was based on a sentencing range that was subsequently lowered by a retroactive amendment to the guidelines.

The Supreme Court has directed that a district court acting pursuant to Section 3582(c)(2) must follow a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 824 (2010). First, the district court must determine whether the defendant is eligible for a sentence reduction under the guideline

amendment. *Id*. at 827. Second, the district court must consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in 18 U.S.C. § 3553(a). *Id*. Thus, eligibility for a sentence reduction under a guidelines amendment does not create a right, but rather allows the district court discretion to reduce a sentence. *See United States v. Meridyth*, 573 F. App'x. 791, 794 (10th Cir. 2014); *United States v. Osborn*, 679 F.3d 1193, 1195–96 (10th Cir. 2012).

In determining whether a sentence reduction is warranted and the extent of any reduction, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). These factors are the nature, seriousness and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and the sentencing range. *Id*. Additionally, the district court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *See* U.S.S.G. § 1B1.1010 cmt. n.1(B).

## III.   Discussion

Defendant seeks a reduction in his sentence pursuant to Amendment 782, which was effective as of November 2014. Amendment 782 provides a two-level reduction in the base offense level for most drug quantities listed in U.S.S.G. § 2D1.1(c), including, as relevant here, methamphetamine. *See* U.S.S.G. app. C, amend. 782. Amendment 782 has been made retroactively applicable under United States Sentencing Guideline § 1B1.10(d). In that Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court has authority to reduce Defendant's sentence

pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 782 reduced Defendant's total offense level from 39 to 37. As a result, Defendant's guideline sentencing range of 360 months to life was reduced to 292 to 360 months. Indeed, the Government agrees that Defendant is eligible for a sentence reduction under Amendment 782. However, the Government maintains that a sentence reduction would be inappropriate given the serious nature of the offenses and Defendant's misconduct in prison. Thus, the Court has the authority and the discretion to grant a sentence reduction. The question is whether a sentence reduction is appropriate given the Section 3553(a) factors.

Consideration of the factors set forth in 18 U.S.C. § 3553(a) leads to the conclusion that a sentence reduction is not warranted in this case. First, the nature of the offenses involved the Defendant as a key player in a methamphetamine distribution conspiracy. Second, as an integral part of the modus operandi Defendant required numerous women to insert methamphetamine packets into their vaginal tracts and walk across the border. Thus, the nature and circumstances of the offenses weigh against a sentence reduction. Additionally, after five months as a fugitive, Defendant was arrested subsequent to a high speed chase. During his arrest, Defendant struggled with law enforcement officers and reached for a loaded gun. Defendant stated to a law enforcement officer that, but for deployment of the airbags at the conclusion of the high speed chase, Defendant would have killed the officer. This aggravated conduct speaks loudly of the need to protect the public from further crimes by defendant.

Additionally, Defendant's history and characteristics militate against a sentence reduction. Defendant has a lengthy and violent criminal record, including battery upon a peace officer; being a felon in possession of a firearm or ammunition, aggravated fleeing a law enforcement officer; receiving or transferring a stolen motor vehicle; and aggravated driving while under the influence.

When Defendant committed the offenses in this case, he was on supervision for the felon in possession of firearm and ammunition charge. Notably, during the term of his incarceration, Defendant has been sanctioned for possessing a dangerous weapon. (Doc. 570.)

Moreover, it bears underscoring that the Court sentenced Defendant at the low end of his original advisory guideline range and ran the sentences concurrently. The Court finds it significant that the sentence of 360 months is within the reduced advisory guideline range. Given the serious nature and circumstances of the offenses, Defendant's criminal history, Defendant's continuing course of post-sentence misconduct, as well as the Section 3553(a) factors, the Court concludes that a sentence reduction is inappropriate in this case.

## IV. Conclusion

The Court has authority to grant a sentence reduction because Defendant was sentenced to a term of imprisonment based on a sentencing range that was lowered by the Sentencing Commission. Defendant is eligible for a sentence reduction under Amendment 782. However, the sentence reduction is inappropriate based upon the Section 3553(a) factors.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 579) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**