IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            No. CR 09-2968 RB

NATHAN ARCHULETA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reduction of Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2), filed on August 25, 2017. (Doc. 589.) Having reviewed the Motion, the record, and the applicable law, the Court finds the Motion is not well-taken and will be **denied**.

**I.    Background**

This is the second time Defendant has moved to reduce his sentence pursuant to § 3582(c)(2).[1] On February 23, 2017, Defendant, through counsel, filed his first motion to reduce based on Amendment 782 to the United States Sentencing Guidelines. (*See* Doc. 579.) At that time, the Government acknowledged that Defendant was eligible for a sentence reduction pursuant to Amendment 782, but asked the Court to deny the reduction. (*See* Doc. 583.)

In its April 10, 2017 Opinion, the Court found that "Amendment 782 reduced Defendant's total offense level from 39 to 37." (*Id.* at 4.) Consequently, Defendant's guideline sentencing range, previously calculated as 360 months to life, was reduced to 292 to 365 months. (Doc. 570 at 1.) The Court discussed its discretion to authorize a sentence reduction pursuant to §3582(c)(2) and noted that "eligibility for a sentence reduction under a guidelines amendment

---

[1] The Court recited the Background of Mr. Archuleta's case in its April 10, 2017 Memorandum Opinion and Order ("Opinion") and incorporates it here by reference. (*See* Doc. 587 at 1–2.)

1

does not create a right, but rather allows the district court discretion to reduce a sentence." (*Id.* at 3 (citing *United States v. Meridyth*, 573 F. App'x 791, 794 (10th Cir. 2014); *United States v. Osborn*, 679 F.3d 1193, 1195–96 (10th Cir. 2012)).) The Court considered the factors set forth in 18 U.S.C. § 3553(a) and found that a sentence reduction was not warranted.[2] (*Id.*) Mr. Archuleta did not appeal the Court's April 10, 2017 Opinion.

Defendant now files a second motion for a reduction in sentence pursuant to § 3582(c) based on Amendment 782. (Doc. 589.)

## II. Legal Standard

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c)) (subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

---

[2] The factors include the nature, seriousness and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and the sentencing range. (Doc. 587 at 3 (citing 18 U.S.C. § 3553(a)).) The Court may also consider Defendant's post-sentencing conduct. (*Id.* (citing U.S.S.G. § 1B1.1010 cmt. n.1(B)).)

Mr. Archuleta asserts that a modification is warranted based on Amendment 782 to the United States Sentencing Guidelines, which "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quotation and subsequent citations omitted). (*See also* Doc. 589.) The Court construes Defendant's Motion, therefore, as one brought pursuant to 18 U.S.C. § 3582(c)(2).

## III. Analysis

The Court will deny Defendant's Motion for two reasons. First, Defendant's Motion is untimely. *See United States v. Randall*, 666 F.3d 1238, 1240–41 (10th Cir. 2011). Second, the Court has already found that a sentencing reduction is not warranted in this case. (*See* Doc. 587.) Even if his Motion were timely, Defendant has offered no reason, nor can the Court find one, that would give the Court cause to alter its previous decision.

Defendant's 360-month sentence is within the reduced guidelines range after the application of Amendment 782, which lowered his offense level to 37 (with a criminal history category IV), resulting in a guideline range of 292 to 365 months. (*See* Doc. 587 at 2.) The Court has *discretion* to reduce Defendant's sentence after a guidelines amendment, Defendant is not *entitled* to a reduction. *See Meridyth*, 573 F. App'x at 794. The Court, in its discretion and after fully considering the factors set forth in 18 U.S.C. § 3553(a), found that a sentence reduction was not warranted for Defendant.[3] (*See* Doc. 587.) The Court denies Defendant's current Motion for the same reasons. (*Id.* at 4–5.)

---

[3] In short, the Court found that Defendant's role "as a key player in" the conspiracy, the fact "Defendant required numerous women to insert methamphetamine packets into their vaginal tracts and walk across the border[,]" Defendant's status as a fugitive, the circumstances of his arrest, his criminal history, and his post-conviction conduct, all counseled against a sentence reduction. (*See* Doc. 587 at 4–5.)

3

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Reduction of Term of Imprisonment Pursuant to Title 18 U.S.C. §3582(c)(2), (Doc. 589) is **DENIED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**