**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 2:09-cr-02968-MLG-DLM-6

NATHAN ARCHULETA,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING SENTENCE REDUCTION UNDER AMENDMENT 821**

Defendant Nathan Archuleta seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing serious medical conditions and inadequate access to care during his incarceration. Separately, the United States Probation Office ("USPO") has identified Archuleta as eligible for a sentence reduction under § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. For the reasons discussed below, the Court denies Archuleta's request for compassionate release without prejudice for failure to exhaust his administrative remedies but grants his request for a sentence reduction, reducing his term of imprisonment from 360 months to 324 months.

**RELEVANT FACTUAL BACKGROUND**

On August 16, 2010, Defendant Nathan Archuleta was convicted by jury of (1) conspiracy to possess with intent to distribute fifty grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; (2) possession with intent to distribute fifty grams and more of methamphetamine while aiding and abetting in violation of 18 U.S.C. § 2; (3) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and (4)

possession of methamphetamine in violation of 21 U.S.C. § 844(a).[1] Doc. 618 at 3-4 ¶¶ 4-5. Under the then-applicable United States Sentencing Guidelines ("Guidelines"), Archuleta was assigned a total offense level of thirty-nine and a criminal history category of IV, in part because he received two additional status points for committing his offense conduct while "under a criminal justice sentence." *See id.* at 13-24 ¶¶ 55-92 (using the 2010 edition of the Guidelines Manual to determine offense level score and criminal history category); *id.* at 21 ¶¶ 82-83 (noting that Archuleta was on supervised release following his 2005 conviction for being a felon in possession of a firearm and ammunition); *accord* U.S. Sent'g Guidelines Manual § 4A1.1(d) (U.S. Sent'g Comm'n 2010). The resulting guideline sentencing range spanned from 360 months to life. Doc. 618 at 30 ¶ 127. U.S. District Court Judge Robert C. Brack sentenced Archuleta to the low end of the guideline range—360 months' imprisonment. Doc. 392. Archuleta has been in federal custody since December 10, 2009. Doc. 618 at 1.

**PROCEDURAL POSTURE**

Archuleta has previously challenged his conviction and requested a reduction of his sentence on multiple occasions, to no avail. *See* Docs. 484, 491-92, 497, 539, 579, 587, 589, 594. He now claims that he suffers from several serious medical conditions and has not received adequate access to care during his incarceration. Doc. 633 at 8-12. And so, in his view, he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 633.

Further, and independent of other issues raised in Archuleta's motion, USPO apprised the Court that Archuleta may be eligible for a reduction in his sentence pursuant to § 3582(c)(2) and

[1] Because the Parties are familiar with the events that led to Archuleta's arrest and trial, the Court will forego a lengthy account of the factual history of the case. *See* Doc. 636 at 1-5.

the 2023 Criminal History Amendments ("Amendment 821")[2] to the Guidelines. *See* Doc. 619 at 1. Unsurprisingly, Archuleta concurs with USPO's assessment, and he has filed an opposed Motion seeking a reduced sentence. *See* Doc. 656.

This opinion addresses both issues. For the reasons discussed below, the Court denies Archuleta's Motion for Compassionate Release ("Motion") without prejudice for failure to exhaust administrative remedies. The Court agrees with USPO, however, that Archuleta is eligible for a reduction in his sentence and hereby grants his motion, reducing his sentence to 324 months of incarceration accordingly.

**DISCUSSION**

**I. Compassionate Release and Administrative Exhaustion**

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). Some exceptions apply, however. Relevant here is 18 U.S.C § 3582(c)(1)(A) which allows for compassionate release. Before the substance of a compassionate release claim may be assessed, the petitioner must satisfy § 3582(c)(1)(A)'s threshold administrative requirement. *See United States v. Gieswein*, 2021 U.S. App. LEXIS 31302, at *2 n.2 (10th Cir. Oct. 19, 2021); *United States v. Madrid*, 735 F. Supp. 3d 1379, 1387-88 (D.N.M. 2024). This threshold inquiry is assessed by examining whether:

> (1) the BOP has made a motion on the [defendant]'s behalf, or (2) the [defendant] has requested that the BOP make such a motion and has either (a) "fully exhausted

[2] Section 1B1.10(d) states that Amendment "821 (parts A and B, subpart 1 only and subject to subsection (e)(2))" is covered by this retroactive policy statement (among other Amendments that have been made to the Guidelines). Amendment 821 is another name for the 2023 Criminal History Amendment. *See* U.S. Sent'g Comm'n, Materials Relating to the 2023 Criminal History Amendment, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/R8N4-3VXC] (last visited Apr. 23, 2026).

> all administrative rights to appeal a failure of the [BOP] to bring a motion on the [defendant]'s behalf" or (b) thirty days have passed since the "warden of the [defendant]'s facility" received a compassionate-release request from the [defendant]."[3]

*United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (quoting § 3582(c)(1)(A)).

Applying these legal principles to the instant facts, the Court finds compelling the Government's argument regarding exhaustion. *See* Doc. 636 at 7-8. Though Archuleta's Motion included a Form BP-A148.055 dated December 4, 2024, and it was addressed to Warden Birchois, the Government could not confirm receipt of that request at either facility where Archuleta has been incarcerated. *See id.* at 8 (citing Doc. 633 at 3-4). The Court also observes that the staff member signature box in the Form attached to Archuleta's Motion is blank. *See* Doc. 633 at 4. Without affirmative evidence to demonstrate Archuleta exhausted his administrative remedies, the Court is bound to enforce the exhaustion rule and dismiss his motion for compassionate release without prejudice. Archuleta may refile a motion for compassionate release after properly exhausting his administrative remedies.[4]

---

[3] Before § 3582 was amended, only the director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. *See United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). The First Step Act created a pathway for defendants to make such a request directly to the Court but only after exhausting all their administrative options. *See United States v. Maumau*, 993 F.3d 821, 826-27 (10th Cir. 2021).

[4] Assuming Archuleta had satisfied the exhaustion requirement, the Court would still then be required to address the merits of his request. The three factors material to the inquiry include whether: (1) the existence of extraordinary and compelling reasons warrant such a reduction; (2) the proposed reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors set forth in § 3553(a) support a reduction. *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)), *abrogated on other grounds by*, *Rutherford v. United States*, 146 S. Ct. 1320 (2026). "[T]he defendant carries the burden on a motion for compassionate release to show he is entitled to relief." *United States v. Crespin*, 2024 U.S. App. LEXIS 15071, at *12 (10th Cir. June 21, 2024).

## II. Sentence Reduction Under § 3582(c)(2)

USPO has identified an alternative basis for modifying Archuleta's term of imprisonment—18 U.S.C. § 3582(c)). *See also* U.S. Sent'g Guidelines Manual § 1B1.10(a) (U.S. Sent'g Comm'n 2025). Per that statutory provision, the Court must determine whether a Sentencing Guidelines amendment applies retroactively. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If so, then the Court exercises its discretion to determine whether a reduction is warranted. That assessment is made through the lens of the § 3553(a) factors. *See id.* at 826-27 (citing § 3582(c)(2)).

USPO observes that Archuleta is now eligible for a sentence reduction after Amendment 821 changed the criteria used to calculate a defendant's applicable criminal history category under § 4A1.1 of the Guidelines. Doc. 619 at 1. The Court concurs. Amendment 821 applies retroactively. *See* U.S. Sent'g Guidelines Manual §§ 1B1.10(a), (d) (U.S. Sent'g Comm'n 2025). As amended, Archuleta would not have received two additional status points under § 4A1.1 for committing his crimes while still subject to a prior criminal justice sentence. Doc. 619 at 1 (stating Archuleta "no longer meets the criteria to receive 'status points' for being under a criminal justice sentencing, as he did not receive 7 or more criminal history points under §§4A1.1(a)-(d)"); *see generally* Doc. 618 at 17-21 ¶¶ 78-82 (documenting Archuleta's criminal history as garnering six criminal history points). Without the additional two status points, Archuleta's criminal history category is III, rather than IV. Doc. 619 at 1. In turn, his revised guideline sentencing range is 324 to 405 months. *Id.* Thus, Archuleta is eligible for a reduced sentence under Amendment 821.

Having established Archuleta's threshold eligibility, the Court finds the § 3553(a) factors weigh in favor of reducing his sentence. First, the Court examines the nature and circumstances of Archuleta's conduct and his personal history and characteristics. § 3553(a)(1). Archuleta's

criminal conduct was, admittedly, quite serious: he organized a sophisticated drug smuggling scheme involving hundreds of grams of methamphetamine and received a corresponding sentence enhancement for his managerial role. Doc. 618 at 14 ¶ 59. As part of that scheme, he recruited women and forced them to smuggle narcotics inside their vaginal tract. *See id.* at 6-7 ¶¶ 16-19, 22, 25-27. Moreover, Archuleta adamantly and violently resisted capture during his arrest. *Id.* at 9-10 ¶¶ 32-33, 35. This was also not Archuleta's first interaction with the law; he has multiple prior convictions for violent crimes and drug offenses. *Id.* at 17-21 ¶¶ 78-82. And moreover, his conduct while incarcerated has been less than exemplary. USPO reports that Archuleta has committed five infractions while in custody, two of which involved possession of a dangerous weapon. Doc. 619 at 1-2; Doc. 636 at 4.

Simply put, evaluating Archuleta's conduct and history under § 3553(a)(1) raises legitimate concerns about his propensity for violence and criminality. The Court notes, however, that Archuleta's criminal tendencies appear to have tempered with age. His last major infraction in prison—possession of an unspecified dangerous weapon—was over four years ago. Doc. 619 at 1-2. His most recent offense, a July 2024 infraction for having a clothesline in his cell, is neither violent nor particularly worrisome. *Id.* at 2. Importantly, none of Archuleta's transgressions involve conduct related to drug use or sales. *See id.* He has also used his time in prison to better himself by completing several educational programs. *See id.* Finally, Archuleta will be in his mid-fifties upon his release—even after applying the contemplated sentence reduction. *See id.* at 1-2. The Sentencing Commission has found that the risk of recidivism and likelihood of committing crimes has an inverse relationship with age. Kim Steven Hunt & Billy Easley II, U.S. Sent'g Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* 9-12 (Dec. 2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-

publications/2017/20171207_Recidivism-Age.pdf [https://perma.cc/4AHZ-CLFY]. Accordingly, after balancing all the relevant facts, the Court finds that § 3553(a)'s first factor is neutral and does not weigh in favor or against a sentence reduction.

Second, the Court examines the need for the sentence imposed. § 3553(a)(2). This factor counsels in favor of a reduction. Judge Brack elected to sentence Archuleta at the lowest end of the original guideline range, resulting in 360 months of incarceration. *See* Doc. 392 at 3. Following Judge Brack's lead and applying a low-end sentence at Archuleta's new guideline range, 324 months is proportionate. Further, a 324-month sentence still reflects the seriousness of Archuleta's criminal conduct; he will remain in custody for a major portion of his adult life. This prolonged period of incarceration provides adequate deterrence, protects the public from any possible future crimes committed by Archuleta, and provides him with ample time to continue his educational and vocational training before his release. *See generally* Doc. 619 at 2.

Next, the Court weighs the kinds of sentences available. § 3553(a)(3). Under the circumstances presented, the Court is barred from sentencing below Archuleta's new guideline range. *See* U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2025); *see also Dillon*, 560 U.S. at 828-29 (affirming that district courts are generally bound to consider sentence reductions only within amended guideline ranges). And given the severity of Archuleta's criminal conduct, the Court would not consider a downward variance even if it were an option. A sentence of 324 months is within his new guideline range and constitutes sufficient but not greater punishment than necessary.

The remaining factors tip the scales in Archuleta's favor or are otherwise immaterial. Under § 3553(a)(4)-(5), Amendment 821 is consistent with the Sentencing Commission's policy statement permitting application of a lower guideline range. *See* U.S. Sent'g Guidelines Manual §

1B1.10(a)(1) (U.S. Sent'g Comm'n 2025). USPO has not provided information on typical sentences imposed on similar defendants, and the Court will not infer that a three-year reduction on a thirty-year sentence will create an unwarranted disparity with other similar defendants. § 3553(a)(6); *see also* Doc. 618 at 33 ¶ 143. Finally, § 3553(a)(7), which addresses restitution, is not at issue in this case, as restitution was not imposed as part of Archuleta's original sentence. *See* Doc. 392 at 6.

The Court acknowledges the severity of Archuleta's criminal conduct; he was, after all, an organizer of a serious drug trafficking enterprise. But the Court is cognizant that sentencing judges must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (internal quotation marks omitted) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). That maxim applies to Archuleta too. After assessing all the § 3553(a) factors holistically, the Court finds that a moderate reduction of three years in Archuleta's sentence is warranted.[5]

**CONCLUSION**

For the foregoing reasons, the Court dismisses Archuleta's Motion for Compassionate Release, Doc. 633, without prejudice and grants his Opposed Motion for Sentence Reduction Under Guideline Amendment 821, Doc. 656. The Court orders his sentence be reduced from 360 months to 324 months.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[5] The Court reiterates this result is consistent with Judge Brack's original sentence, which was at the low end of the then-applicable Guidelines range. *See supra* p. 7.